### LE VALLEY et al. v. OVERACKER et al.

(Supreme Court, Appellate Division, Third Department. September 4, 1901.)

1. PRINCIPAL AND AGENT—AGENT'S AUTHORITY—EVIDENCE.

In an action to foreclose a mechanic's lien for work and materials on a house alleged to belong to defendant, and which were furnished at the request of G., an alleged agent of defendant, the defendant testified that G. was not her agent, but that she had contracted with him for the entire erection of the house, and a written contract to that effect was produced. T., who was the defendant's agent, stated that he had never employed G. as agent for the defendant, and G. himself testified that he built the house on contract, and that he was not the defendant's agent. G. had negotiated for defendant in the purchase of the lot whereon the house was built. *Held* insufficient to show that G. was the defendant's agent.

2. SAME—STATEMENTS OF AGENT.

Where, in an action to foreclose a mechanic's lien for materials and services furnished at the request of the defendant's alleged agent, there was no evidence of the alleged agent's authority, it was error to admit evidence of statements made by him as to his agency.

Appeal from Chemung county court.

Action by Fred Le Valley and others against Johanna H. Overacker and another. From a judgment in favor of plaintiffs, defendant Johanna H. Overacker appeals. Reversed.

On the 11th day of May, 1897, the appellant purchased of one John Bridgeman a lot at the corner of Washington avenue and Hoffman street in the city of Elmira. During the year 1897 a house was built on said lot. George W. MacCallum, a contractor and a son of appellant's stepfather, Thomas MacCallum, did the work, either under a contract with the appellant or as agent for her. The plaintiffs are co-partners doing business in Elmira as plumbers and gas fitters, under the firm name of Le Valley, McLeod & Co. At the request of said George W. MacCallum the plaintiffs performed work in said house and furnished material therefor. On the

6th day of May, 1898, there being a balance of $185 remaining unpaid to them on account of said work and materials, the plaintiffs duly filed a mechanic's lien in the clerk's office of the county of Chemung against said property and against said Johanna H. Overacker as the owner thereof. The said lien states: "The name of the owner of the real property against whose interest therein the lien is claimed is Johanna H. Overacker, and the interest of the said owner, as far as known to these lienors, is that she has title in fee to said premises. The name of the person by whom these lienors were employed is George W. MacCallum, who was acting as the agent for Johanna Overacker, the owner of the said real estate, and the said labor, services, and material were furnished with her full knowledge and consent, and under her authority." This action was commenced to foreclose said lien, said George W. MacCallum being joined with the appellant as a defendant, the complaint alleging that he is a tenant residing on said premises.

Argued before PARKER, P. J., and SMITH, KELLOGG, EDWARDS, and CHASE, JJ.

J. John Hassett, for appellant.
George McCann, for respondents.

CHASE, J. It was necessary for the plaintiffs to establish by competent evidence that George W. MacCallum was the agent of the defendant Overacker in making the contract with them. For the purpose of establishing their case and of showing that MacCallum was the agent of Mrs. Overacker, the plaintiffs called Mrs. Overacker as their first witness, and she was examined by them. Her memory was very poor and she showed a surprising ignorance regarding all matters concerning the property in controversy. Nevertheless she testified positively that George W. MacCallum was not and never had been her agent, and that the house was built by MacCallum under a written contract with her, at a specified price, and that she had paid him in full therefor. On the cross-examination she produced a written contract between herself and MacCallum by which he agreed to build the house for her according to plans and specifications agreed upon for the sum of $1,850, payable as the work progressed. This contract was signed by her and by MacCallum; and she says that according to her recollection it was signed not very long before the work was commenced. In the absence of other evidence the presumption is that the contract was made on the day that it bears date. Mrs. Overacker testified that her stepfather, Thomas MacCallum, was her agent, and that for several years he had done all of her business, and that he had charge of all matters relating to the purchase of the lot, the obtaining of a loan for her thereon, and for the construction of the house on said lot. She says she left everything to him, and did not know much about it after he took it in hand. Thomas MacCallum testified that he never employed George W. MacCallum as agent for Mrs. Overacker, and that he was present when the contract for the building of the house was signed by them. George W. MacCallum testified that he was not the agent of Mrs. Overacker, but that he built the house on his own responsibility, in pursuance of the contract in evidence, and that he had been paid in full therefor. The only evidence received on the trial other than

statements that plaintiffs claim George W. MacCallum made in regard to acting as agent for Mrs. Overacker consists of the fact that George W. MacCallum negotiated with a real-estate agent in regard to the purchase of the lot on which the building was erected; and in regard to obtaining a building loan thereon of $1,500 for her, and the further fact that subsequent to the completion of the house George W. MacCallum had occupied the same, and had paid to the mortgagee the interest and $300 on account of the principal, and had also paid the taxes against the property. Thomas Mac-Callum admits that he told George W. MacCallum to arrange for the purchase of the lot in connection with the sale of another piece of property belonging to Mrs. Overacker, and in connection therewith to obtain a building loan of $1,500 thereon; and George W. MacCallum states that he did have charge of such negotiations, and that he was paid therefor $100 as and for his commissions. The principal of the loan to Mrs. Overacker was payable $10 per month, and Thomas MacCallum says that after the house was completed he rented the same indefinitely to said George W. MacCallum on his agreement to pay taxes thereon and the interest, and $10 a month on said mortgage. The plaintiffs were allowed to introduce testimony in regard to statements claimed to have been made by George W. MacCallum at the time the contract was made with them for the work and materials for which the lien was filed, and also as to statements claimed to have been made by him relating to other contracts for materials and work on houses owned by Mrs. Overacker. These statements are to the effect that George W. MacCallum was acting as agent for Mrs. Overacker, and to the further effect that he had had considerable trouble with people who were hounding him pretty hard, and that it became necessary for him to shift his property around in the family, and that Mrs. Overacker held the title, and he was acting apparently for her. The plaintiffs never talked with Mrs. Overacker, nor communicated with her, and they never had any dealings with Thomas MacCallum, the agent of Mrs. Overacker. All the payments made to them on account of this and prior contracts made with George W. MacCallum were in cash, or by checks signed in his individual name. The written contracts made by said George W. MacCallum for plastering the house in question and for cementing the cellar were made by him in his individual name. There is no evidence whatever showing that defendant Overacker or Thomas MacCallum ever recognized George W. MacCallum as an agent for Mrs. Overacker in the erection of houses, or that they or either of them had any knowledge of the statements which the plaintiffs claim were made to them by George W. MacCallum. There is no evidence of any apparent authority in George W. MacCallum to act as agent for Mrs. Overacker, except as stated. If the statements were made by George W. MacCallum as claimed by the plaintiffs, they may have been made for his own benefit and for the purpose of obtaining credit thereby. Mrs. Overacker resided in the same city with the plaintiffs, and there was nothing to prevent the plaintiffs from investigating for themselves the authority of MacCallum. After evi-

dence has been introduced tending or fairly tending to show that a person has authority to act as the agent for another, evidence of the acts of the agent under such claimed authority may be admitted. But there is nothing in this case to justify the admission of the statements as to agency claimed to have been made by George W. MacCallum to the plaintiffs. All of such evidence was duly objected to, and was received subject to the appellant's exceptions to the rulings thereon. On the record as it now stands, the receipt of such evidence was error, and requires a reversal of this judgment. The plaintiffs sought to show that George W. MacCallum had not been paid the full amount of $1,850 as provided by the contract. We have not considered that question, for the reason that the lien was filed against Mrs. Overacker as owner, and not against MacCallum as contractor, and the action was brought, tried, and decided upon the theory that MacCallum was the agent of the appellant.

Judgment reversed. New trial granted; costs to appellant tc abide the event. All concur, except SMITH, J., not voting.